### DELANY v. CARPENTER et al.

(Supreme Court, Special Term, Westchester County. February 13, 1909.)

1. MECHANICS' LIENS (§ 132*) — PROCEEDINGS TO PERFECT — NOTICE OF LIEN — TIME FOR FILING—CONSTRUCTION OF STATUTE—"AFTER THE COMPLETION OF THE CONTRACT."

The lien law (Laws 1897, p. 519, c. 418, § 10), providing that the notice of a mechanic's lien may be filed within 90 days after the completion of the contract, means within 90 days after the substantial completion of the contract.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 190–207; Dec. Dig. § 132.*]

2. MECHANICS' LIENS (§ 132*) — PROCEEDINGS TO PERFECT — NOTICE OF LIEN — TIME FOR FILING.

A contract for plumbing work amounting to $457.77 was performed in September, with the exception of $5 worth of work. The contractor went to the premises in November and in December to finish it, but was unable to enter, and made no further effort to complete the work. *Held,* that the 90 days for filing notice of mechanic's lien after completion of the contract provided by the lien law began to run against the claim when the contract was substantially performed in September, or at least in December, when the last attempt was made to finish the work, and a notice filed on April 9th was too late.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 190–207; Dec. Dig. § 132.*]

Mechanic's lien proceeding by William R. Delany against Anna M. Carpenter and another. Complaint dismissed as to the defendant Carpenter. Judgment for plaintiff as to the other defendant.

Strang, Sawyer & Taylor, for plaintiff.
James E. Carpenter, for defendants.

TOMPKINS, J. The defendant Anna M. Carpenter is the owner of the premises described in the complaint against which the plaintiff seeks by this action to assert and foreclose a mechanic's lien.

In January, 1907, the defendant Carpenter made a written contract with the defendant Bennett, by which the defendant Carpenter agreed to sell to the defendant Bennett the premises in question for the sum of $3,000; the sum of $325 being paid on the execution of the contract, and the sum of $675 to be paid on the 1st day of July, 1907, and the balance of $2,000 to be secured by a mortgage. The deed was to be delivered on the 1st day of July, 1907, and thereafter the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

time for closing the title was extended from time to time to the 21st day of February, 1908. Subsequent thereto Bennett defaulted, and the owner Carpenter recovered possession of the premises. Under the contract of sale, Bennett went into possession of the premises with an agreement between himself and the owner, Carpenter, that he should make certain repairs and improvements to said premises while in possession thereof under the contract of sale, and it is for these improvements and additions to the premises, which were concededly made, and put in by the plaintiff at the request of the defendant Bennett, and with the knowledge and consent of the owner Carpenter, that this claim is made; and the only question in my mind, so far as the validity of the plaintiff's lien is concerned, is whether the notice of lien was filed in time.

The plaintiff's work consisted of the furnishing and putting in of a bath tub, lavatory, wash bowl, sink, washtubs, pump, gas machine, heater and fixtures, and other articles of a like nature, and was reasonably worth the sum of $457.77. The contract was substantially performed in September, 1907, and thereafter only $5 worth of work remained to be performed, and that was never done by the plaintiff. In November and December plaintiff went to the premises for the purpose of doing that work, but was unable to do it because the house was closed. No further attempt or offer to do the work was made by plaintiff. I think that the statutory time began to run against plaintiff's claim in September when the contract was substantially performed; certainly in December when he made his last attempt to do the little work remaining to be done. His right to assert his claim under the contract existed at that time. If so, his right to file his notice of lien also existed at that time, and, if so, then the statutory time against the filing of a notice of lien then began to run. The notice of lien was not filed until April 9th of the following year. The lien law (Laws 1897, p. 519, c. 418, § 10) provides that the notice of lien may be filed "at any time during the progress of the work and the furnishing of the materials, or within ninety days after the completion of the contract, or the final performance of the work, or the final furnishing of the materials, dating from the last item of work performed or materials furnished." The second clause of this section is the one upon which the plaintiff relies, and his claim is that the notice of lien was filed within 90 days "after the completion of the contract."

This was a contract job, and the plaintiff's claim is that the contract was not complete in September or December, 1907, or even in April, 1908, because a new bath tub which the tenant had required the plaintiff to supply and put in under and as a part of his contract, and which the plaintiff had agreed and undertaken to put in as a part of his contract, had not been actually set up and attached, although it had been supplied and furnished by the plaintiff and delivered to the house. Concededly only $5 worth of work remained to be done after the fall of 1907, and after the new bath tub was supplied, to make the entire contract in all respects complete, and that was for setting up and attaching the new bath tub, and that $5 worth of work the plaintiff offered to do in September, November, and December, 1907, but was prevented from doing it by the tenant himself. My interpretation of

the clause of the lien law giving the contractor 90 days after the completion of the contract in which to file his lien means within 90 days after the substantial completion of the contract, and my conclusion is that the contract in question was substantially performed in September, 1907, when the new bath tub was furnished, and that, in any event, it was substantially performed in November and December of the same year when the plaintiff made repeated attempts to set up and connect the new bath tub, and make the contract work in all respects complete, and was only prevented from so doing by Bennett's conduct, and that the filing of the notice of lien on April 9, 1908, was too late to create a valid lien against the premises, and that the complaint must be dismissed as to the defendant Carpenter. Surely the plaintiff could have demanded his money in November or December for all the contract work, and, if refused, could have filed a lien for the full amount, or brought an action for the contract price. If so, and his right to file a notice of lien then existed, it must follow that the time within which he might file such notice of lien also then began to run.

The plaintiff is entitled to judgment against the defendant Bennett for the full amount of his claim, with interest and costs. Complaint dismissed as to the defendant Carpenter without costs.